IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL SCOTT, # 311542 *

Plaintiff *

v * Civil Action No. RDB-18-725

UNITED STATES ATTORNEY OFFICES, *
EXECUTIVE OFFICE FOR UNITED
　STATES ATTORNEYS, and *
FREEDOM OF INFORMATION ACT
　AND PRIVACY STAFF, *

Defendants *
　　　　　　　　　　　　***

## MEMORANDUM OPINION

Pending is self-represented Plaintiff Michael Scott's Complaint seeking judicial review of a determination of his request for records under the Freedom of Information Act (FOIA), 5 U.S.C. §552. Defendants[1] have filed a Motion to Dismiss the Complaint as moot or unexhausted pursuant to Fed. R. Civ. P. 12(b)(1). (ECF No. 16). Scott filed an opposition. (ECF No. 18). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the following reasons, the Motion to Dismiss is GRANTED.

---

[1] FOIA applies to federal agencies. *See* 5 U.S.C. § 552 (f)(1). Defendants, the "United States Attorneys Offices," "Executive Office for United States Attorneys" ("EOUSA") and "Freedom of Information Privacy Act Staff" are not federal agencies; rather, they are components of the Department of Justice, which is a federal agency and the proper Defendant in this case. *See Adionser v. Dep't of Justice*, 811 F. Supp. 2d 284, 290 (D. D.C. 2011) (citing *Blackwell v. FBI*, 680 F. Supp. 2d 79, 86 n. 1. (D.D.C. 2010)) ("Because EOUSA, FBI, DEA, and BOP are components of DOJ, and it is DOJ that is an agency covered by FOIA, DOJ is the proper defendant in this case."). Consonant with the liberal construction afforded to the filings of a self-represented litigant and noting that counsel explicitly raises no objection or moves for dismissal on this basis (ECF 16 n. 1), the DOJ will be substituted in lieu of the named Defendants.

## BACKGROUND

Scott, who was convicted of second-degree murder and a related handgun charge following a jury trial in the Circuit Court for Prince George's County Maryland, began service of an aggregate term of 25 years' incarceration on December 2, 2002. *See State v. Scott*, Criminal Case No. CT01-1594X (Cir. Ct. Prince George's Cty. 2002).[2] He is currently incarcerated at the Maryland Correctional Training Center in Hagerstown, Maryland.

On March 9, 2018, Scott initiated this action by filing a Complaint seeking the "whole police and prosecutor case file" from a criminal case in the Superior Court of the District of Columbia and damages of $5,000. (ECF No. 1 at p. 3).[3] Scott alleges that Stephen D. Gary, "the state's key witness," testified against him in exchange for a reduction in the drug distribution charges he was facing in *United States v. Gary,* Case F. 7820-01 (D.C. Sup. Ct). (ECF No. 1 at 2). Scott claims the records he seeks are *Brady*[4] material not disclosed at trial. *Id.*

## STANDARD OF REVIEW

A motion under Rule 12(b)(1) challenges the Court's subject-matter jurisdiction to hear a case. This challenge proceeds "in one of two ways," *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). "First, the defendant may contend 'that [the] complaint simply fails to allege facts upon which subject matter jurisdiction can be based.'" *Id.* (quoting *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir.1982)). Second, "the defendant can contend...'that the jurisdictional allegations of

---

[2] *See* http://casesearch.courts.state.md.us/casesearch/inquiryByCaseNum.jis. (viewed May 8, 2019).

[3] Scott sought to amend the Complaint to ask this Court to overturn his conviction in *State v. Scott*, Criminal Action No. CT01-1594X (Cir. Ct. Prince George's Cty. 2002). (ECF No. 6 at p. 1). Vacatur of a criminal conviction, however, is not available in a FOIA proceeding. Scott may pursue such relief as may be appropriate in the state courts of Maryland. The Clerk shall send Scott an information and forms packet in the event he intends to challenge his state conviction in a federal petition for habeas relief under 28 U.S.C. §2254.

[4] *See Brady v. Maryland*, 373 U.S. 83, 87 (1963) (holding that suppression by the prosecution of evidence favorable to the accused violates due process of law).

the complaint [are] not true.'" *Id.* (alteration in original) (quoting *Adams*, 697 F.2d at 1219). The plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence. *Demetres v. East West Const., Inc.*, 776 F.3d 271, 272 (4th Cir. 2015).

In a facial challenge, a court will dismiss the complaint "where a claim fails to allege facts upon which the court may base jurisdiction." *Davis*, 367 F. Supp. 2d at 799. Where the challenge is factual, "the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Kerns*, 585 F.3d at 192. "[T]he court may look beyond the pleadings and 'the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003) (citation omitted). The court "may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Gov't of Indon.*, 370 F.3d 392, 398 (4th Cir. 2004).

## DISCUSSION

Defendant argues that Scott's claims are unexhausted and must be dismissed for lack of subject matter jurisdiction. (ECF No. 16 n. 2, 3). Further, Defendant asserts that because the documents responsive to his 2017 FOIA request have been made available to Scott, this matter is no longer justiciable and should be dismissed as moot. (*Id.* at ¶¶ 10, 11).

### I. FOIA

The purpose of FOIA is to open government agency action to public scrutiny. *See NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 149 (1975). Under the FOIA statute, federal agencies must make available promptly records upon request and where the agency receives reasonable description of the records sought, in accordance with the agency's published rules. *See* 5 U.S.C.

§ 552(a)(3)(A); *Pollack v. Department of Justice*, 49 F.3d 115, 118 (4th Cir. 1995). FOIA provides that, subject to certain statutory exemptions, federal agencies shall "upon any request for records which reasonably describe such records . . . make the records promptly available to any person." 5 U.S.C. § 522(a)(3)(A). "[T]he burden is on the government to demonstrate that it has thoroughly searched for the requested documents where they might reasonably be found." *Krikorian v. Department of State*, 984 F.2d 461, 468 (D.C.Cir.1993); *accord Moffat v. U.S. Dep't of Justice*, 716 F.3d 244, 254 (2013). However, the agency is not obligated to look beyond the four corners of the request or otherwise speculate about potential leads; rather, "[t]he adequacy of an agency's search is measured by a standard of reasonableness." *McGehee v. CIA*, 697 F.2d 1095, 1100–01 (D.C.Cir.1983); *see Morley v. C.I.A.*, 508 F.3d 1108, 1114 (D.C. Cir. 2007); *Kowalczyk v. Dep't of Justice*, 73 F.3d 386, 389 (D.C. Cir. 1996).

In a lawsuit for release of documents under FOIA, "[o]nce the records are produced, the substance of the controversy disappears and becomes moot since the disclosure which the suit seeks has already been made." *Jacobs v. Fed. Bureau of Prisons*, 725 F.Supp.2d 85, 89 (D. D.C. 2010) (quoting *Crooker v. U.S. State Dep't*, 628 F.2d 9, 10 (D.C. Cir. 1980)); *see also Morales v. Pension Ben. Guar. Corp.*, Civ. Case No. L–10–1167, 2012 WL 253407, at *4 (D. Md. Jan. 26, 2012) ("A FOIA action becomes moot when, during the pendency of a lawsuit seeking the disclosure of document, the requester is provided with all documents responsive to his request."); *Regional Mgmt. Corp. v. Legal Servs. Corp.*, 186 F.3d 457, 465 (4th Cir. 1999).

## II. FACTS

The following facts are not in dispute. On June 29, 2016, Scott submitted to the Executive Office for United States Attorneys (EOUSA) a FOIA request for all public records in "case # F0281102, F0782001, and F0564502." (Affidavit of Natasha Hudgins, ECF No. 16-2 ¶5; Def. Ex. A, ECF 16-3). The request was assigned number FOIA-2016-03311. On March 29, 2017, EOUSA issued

4

a final determination, stating it possessed no public records responsive to the request and advised Scott that he may file an appeal within ninety days to the Office of Information Policy (OIP). (*Id.* at ¶8; Def. Ex. C, ECF No. 16-5). Scott did not file an appeal with the OIP. (*Id.* ¶9).

By letter dated October 5, 2017, Nikki Gramian, Deputy Director of the Office of Government Information Services (OGIS) responded to Scott's September 12, 2017 letter concerning the "no records" response he received from EOUSA in FOIA-2016-03311.[5] Plt. Supp, ECF 8-1 at pp. 13-14. The letter explained Scott could either file a new FOIA request or appeal the "no records" response:

> At this point you have two options. You may wish to appeal EOUSA's response, which needs to be done within 90 days from the date of EOUSA's response, challenging the search and include in your appeal the information you submitted to OGIS in your September 12, 2017 letter.
>
> However, if the 90 days has passed from the date of EOUSA's final response to your request No. 2016-03311, you may wish to submit a new request to EOUSA and enclose copies of the information you submitted to OGIS with your September 12, 2017 letter to help the agency conduct a new search for the publicly filed documents you seek from Mr. Gary's prosecution file.
>
> As EOUSAS's response notes, you may send your appeal to Director, Officer of Information Policy (OIP), U.S. Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001.

*Id.*

On October 31, 2017, Scott submitted a letter to EOUSA he characterized as his "second attempt on requesting for important Discovery/impeaching evidence." (*Id.* at ¶10; Def. Ex. D, ECF No. 16-6). Scott stated he needed "to get my FOIA request granted so that I can use those important documents to provide that Stephen Deonne Gary received a deal in exchange for testimony in his District of Columbia case." (*Id.*).

---

[5] The letter also references FOIA No 2016-2905, but it provides no details about that FOIA request. (ECF No. 8-1). Neither party has placed FOIA No 2016-2905 at issue in the instant matter.

EOUSA treated Scott's October 31, 2017 letter as a new FOIA request and assigned number EOUSA No. 2017-000477. On December 6, 2017, EOUSA sent Scott a final response, explaining that records from Stephen Gary's case file could not be released to him under FOIA:

> You have requested records concerning a third party (or third parties). Records pertaining to a third party generally cannot be released absent express authorization and consent of the third party, proof that the subject of your request is deceased, or a clear demonstration that the public interest in disclosure outweighs the personal privacy interest and that significant public benefit would result from the disclosure of the requested records. Since you have not furnished a release, death certificate, or public justification for release, the release of records concerning a third party would result in an unwarranted invasion of personal privacy and would be in violation of the Privacy Act, 5 U.S.C. § 552a. These records are also generally exempt from disclosure pursuant to sections (b)(6)[6] and (b)(7)(C)[7] of the Freedom of Information Act, 5 U.S.C.§ 552.

(Def. Ex. E, ECF No. 16-7). In the same response letter, Scott was advised that that he could submit a separate request for public records or provide written authorization from Stephen Gary for release of his records and provided a form for doing so. (*Id.*). Scott was also notified that any administrative appeal of the response provided must be postmarked within 90 days of the date of the final determination to the Director, Office of Administration Policy, United States Department of Justice. *Id.* There is no record of an appeal to the Office of Information Policy. (Hudgins' Aff. ECF No. 16-2 ¶14).

On January 23, 2018, EOUSA received Scott's FOIA request (dated December 19, 2017) for *public records* concerning Stephen Gary. (*Id.* at ¶15; Def. Ex. F, ECF No. 16-8). EOUSA treated the letter as Scott's request for public records per the instructions provided the December

---

[6] Subsection 552 (b)(6) exempts personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy." 5 U.S.C. § 552 (b)(6).

[7] Subsection 552(b)(7)(C) exempts investigatory records compiled for law enforcement purposes "to the extent that the production of such records would . . . constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552 (b)(7)(c).

6, 2017 final response letter. Scott's request was assigned EOUSA-2018-001988. (Hudgins' Aff., ECF No. 16-2 ¶15).[8] The EOUSA sent the request to the USAO-DC (United States Attorney's Office for the District of Columbia) which conducted a records search "through the electronic and hard copy case files for the *United States v. Gary* case file." (*Id.* at ¶16).

On September 18, 2018, EOUSA sent 11 pages of public records to Scott in response to his request in EOUSA-2018-001988. No redactions or exemptions were claimed on the released records. (*Id.* at ¶¶ 18, 21, 23, Def. Ex. G, ECF 16-9).

In his opposition, Scott does not address Defendant's exhaustion or mootness arguments Instead, Scott generally asserts that responsive agency records were improperly withheld. Scott asks to obtain a letter sent by the prosecutor in his Maryland case to the Assistant United States Attorney in Gary's criminal case, which states that Gary truthfully testified against Scott in *State v. Scott,* Criminal Case No. CT01-1594X (Cir. Ct. Prince George's Cty. 2002).[9] (Opposition, ECF No. 18). [10]

---

[8] Hudgins' affidavit and Scott's January 23, 2017, request both refer to the request as EOUSA No. 2018-000477, instead of EOUSA No. 2017-000477. (Hudgins' Aff. ECF No. 16-2 ¶15; Def. Ex. F., ECF No. 16-8). The context of their references indicates they are discussing EOUSA No. 2017-000477. *Id.*

[9] In his opposition and subsequent correspondence, Scott asks this Court to explain the abbreviations "CONT RSN; Court Order Exam/REPO," on the docket in Gary's criminal case, F 07820-01, *United States v. Gary*, (D.C. Super. Ct. 2002) (Opposition, ECF No. 18; Correspondence, ECF No. 20-3). Scott may want to contact the Clerk of the Superior Court of the District of Columbia for an explanation of the abbreviations.

[10] Scott does not address why such a letter would be a public record. If such a letter exists, it is likely that it was not provided because it falls within the FOIA exemptions and Privacy Act protections identified in the EOUSA's December 6, 2017 final response letter. (Def. Ex. E, ECF No. 16-7).

## III. ANALYSIS

### A. Exhaustion

Before judicial review of an agency's compliance with FOIA can occur, citizens must exhaust available administrative agency procedures. *See* 5 U.S.C. § 552(a)(6)(C); *Oglesby v. U.S. Department of the Army*, 920 F.2d 57, 65 (D.C. Cir. 1990); *Pair v. Soc. Sec. Admin.*, No. RDB-15-1458, 2016 WL 739188 at *2-4 (D. Md. February 25, 2016). Defendant asserts that Scott did not exhaust his administrative remedies by filing a FOIA administrative appeals from the final responses to his FOIA requests. (Def. Memorandum, ECF No. 16 n. 2, 3, ¶2(c)).

Scott was informed in the final response letters sent to him of his right to appeal the agency decision by submitting a written appeal within ninety days to the Director, Office of Information Policy of the United States Department of Justice. (ECF No. 5, 7, 9). In his supplement to the Complaint he asserts he exhausted administrative remedies and, in support provides a copy of an envelope with a return address from the "OPI/NYAV" bearing a July 26, 2016 postmark with the handwritten notation "appeal response." (ECF No. 8 at p. 9). The final response to Scott's June 29, 2016 FOIA request, # 2016-03311 was not issued until March 29, 2017. The envelope's postmark is months before the date of the FOIA response which Scott alleges he appealed. It therefore provides no evidence of administratively exhaustion of the FOIA request at issue here.

Scott's further reliance on an undated letter to Nikki Gramian, Deputy Director of the Office of Government Information Services at OGIS, stating that she has misunderstood his FOIA request and explaining his need to obtain the prosecutors' letter concerning the "deal in exchange" for Gary's testimony against him at trial is also unavailing. (ECF No. 8-1 at p. 11). Contrary to Scott's assertions, this letter provides no evidence that he followed the required procedures for exhausting his administrative remedies before filing this lawsuit. In the absence of evidence that Scott

exhausted his administrative remedies as to any Agency final decision at issue here, the claims arising from those determinations will be dismissed without prejudice for lack of jurisdiction.

B. Mootness

When Scott filed this lawsuit on March 9, 2018, his January 23, 2018 request for public records concerning Stephen Gary was pending in the EOUSA. On September 18, 2018, after 11 pages of public records maintained USAO-DC files responsive to his request were produced without redaction or exemption, this complaint was rendered moot. *See Regional Management Corp,* 186 F.3d at 465 (citing *Payne Enter., Inc.. v. United States,* 837 F.2d 486, 490-91 (D. C. Cir. 1988) ("It is undisputed that a challenge to a particular denial of a FOIA request becomes moot if an agency produces the requested documents); *Shorttall v. Baltimore Dist. U.S. Army Corps of Engineers,* WMN-14-3904, 2015 WL 3545259, at *3. ("In a lawsuit seeking the release of documents under FOIA, "[o]nce the records are produced, the substance of the controversy disappears and becomes moot since the disclosure which the suit seeks has already been made.") (quotation omitted).

## CONCLUSION

For the reasons stated, the complaint must be dismissed without prejudice for lack of jurisdiction. By separate Order, Defendant's Motion to Dismiss for Lack of Jurisdiction will be GRANTED.

MAY 10, 2019
Date

_____
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE